1066

No. A–705.  YOUNG v. KEMP, WARDEN.  Application for stay
of execution of sentence of death scheduled for Wednesday, March
20, 1985, presented to JUSTICE REHNQUIST, and by him referred
to the Court, denied.  JUSTICE STEVENS would grant the appli-
cation.  JUSTICE POWELL took no part in the consideration or
decision of this application.

JUSTICE BRENNAN, with whom JUSTICE MARSHALL joins,
dissenting.

Adhering to my view that the death penalty is in all circum-
stances cruel and unusual punishment prohibited by the Eighth
and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153,
227 (1976) (BRENNAN, J., dissenting), I would grant Young's
application for a stay of execution.  But even if I believed other-
wise, I would stay this execution.  When Young's jury was se-
lected, jurors opposed to the death penalty were excluded in ac-
cordance with the currently permissible *voir dire* process in capital
cases.  See *Wainwright* v. *Witt*, 469 U. S. 412 (1985).  Young
claims that this exclusion rendered the resulting jury biased in
favor of conviction, thus violating his right to an impartial jury
and his right to a jury from which an identifiable segment of the
community has not been excluded.  Although the Eleventh Cir-
cuit has rejected this claim, *Spinkellink* v. *Wainwright*, 578 F. 2d
582, 583–596 (1978), cert. denied, 440 U. S. 976 (1979), the Eighth
Circuit sitting en banc has recently held in identical circumstances
that the defendant's Sixth and Fourteenth Amendment rights to
an impartial jury were violated.  *Grigsby* v. *Mabry*, 758 F. 2d
226 (1985).  This Court is certain to grant certiorari in the imme-
diate future to resolve the conflict between the Circuits.

Young alleged that his jury was conviction-prone in his first
petition for habeas corpus in 1982.  Relying on Eleventh Circuit
precedent, the District Court denied the claim, and Young did not
press the issue before the Eleventh Circuit.  This habeas peti-